# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| BRUCE T. PUGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-4012 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 1). On July 9, 2009, Petitioner pled guilty in this Court to conspiracy to distribute crack cocaine and possession with intent to distribute crack cocaine, and, on November 4, 2010, was sentenced to 192 months' imprisonment. (Doc. 1 at 1, 3; 08-cr-40087). In his § 2255 Motion, Petitioner asserts (1) that he should have been sentenced under the Fair Sentencing Act and (2) that his trial counsel provided ineffective assistance. (Doc. 1 at 6-7). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine the Motion, and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."

Petitioner's first claim is that he was erroneously sentenced under the pre-Fair Sentencing Act standard because the conduct of which he was convicted occurred prior to the Act's effective date, while he was sentenced after that date.

(Doc. 1, Ex. 1 at 4-6). On November 14, 2011, the Court denied Petitioner's motion for a Fair Sentencing Act sentence reduction, finding that he had been sentenced under the "emergency amendments" to the Fair Sentencing Act and was therefore ineligible for a reduction in his sentence. (08-cr-40087: Doc. 146). When Petitioner was sentenced, the Court applied the Fair Sentencing Act's crack cocaine guideline, so Petitioner was ineligible for a sentence reduction on that basis. (08-cr-40087: Docs. 146). This did not affect Petitioner's eligibility for the mandatory minimum sentence under the law as it stood prior to the Fair Sentencing Act, though, and this is what Petitioner now complains of: Petitioner now asserts that should have been eligible for a mandatory minimum sentence of 20 years, rather than the mandatory minimum of life. (Doc. 1, Ex. 1 at 5). He acknowledges that his sentence was reduced from life, but he argues that "if he got the same percentage points of the reduction from the life sentence calculated to the 20 year downward departure his sentence would be…possibly 100 months or 80 months." (Doc. 1, Ex. 1 at 5).

Petitioner was not eligible for sentencing under the Fair Sentencing Act, as the conduct underlying his conviction occurred on between 1997 and November 19, 2008, prior to the effective date of the Act. *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011) ("…FSA does not apply retroactively, and…the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing."). Petitioner argues that this rule is in error, and cites to the Supreme Court's grant of certiorari in *Hill v. United States* (consolidated with *Dorsey v. United States*), a Seventh Circuit decision affirming the rule of *Fisher*; it is

as yet undecided. *United States v. Hill*, 417 Fed.Appx. 560 (7th Cir. 2011), *cert. granted*, 80 U.S.L.W. 3311, 3317 (U.S. Nov. 28, 2011) (No. 11-5721); *Fisher*, 635 F.3d 336, *cert. granted sub nom Dorsey v. United States*, 80 U.S.L.W. 3311, 3317 (U.S. Nov. 28, 2011) (No. 11-5683). The government has now reversed its position on the issue, in agreement with the First, Third, and Eleventh Circuits. *United States v. Campbell*, 659 F.3d 607, 609-10 (7th Cir. 2011) (government "now maintains that the law requires application of the new mandatory minimum sentences to all sentencings that occur on or after August 3, 2010, regardless of when the offense conduct occurred"); *United States v. Holcomb*, 657 F.3d 445, 447 (7th Cir. 2011) (United States Attorney issued "Notice of Changed Position" indicating disagreement with *Fisher*, but court declined to rehear *Fisher*); *United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011); *United States v. Rojas*, 645 F.3d 1234, 1235–36 (11th Cir. 2011); *United States v. Douglas*, 644 F.3d 39 (1st Cir. 2011).

As it stands right now, though, *Fisher* is the rule in this Circuit, having been affirmed in *Holcomb*, and this Court is still bound by it. *Campbell*, 659 F.3d at 609-10 ("*Fisher* is controlling in this circuit unless and until the Supreme Court decides otherwise"). Ordinarily, the Court should dismiss this claim from Petitioner's § 2255 Motion under Rule 4 because "it plainly appears…that the moving party is not entitled to relief," which could result in Petitioner's being unable to bring a second § 2255 Motion should the Supreme Court reverse the rule of *Fisher*. As Petitioner presents a second claim for § 2255 relief, though, the Court must consider whether that claim will allow his § 2255 Motion to continue.

Petitioner also argues that his trial counsel provided ineffective assistance because he failed to investigate Petitioner's claim that the government was relying on perjured testimony in its calculation of the amount of crack cocaine sold by Petitioner, which he argues resulted in a higher sentence. (Doc. 1, Ex. 1 at 6-9). The Court cannot find that this claim has no merit, and so will order Respondent to respond to it. As Petitioner's § 2255 Motion will move forward with the ineffective assistance claim, the Court will allow Petitioner's Fair Sentencing Act claim to remain, as well. If the Supreme Court reverses the Seventh Circuit's current rule, the Court will consider Petitioner's Fair Sentencing Act claim; if it affirms the Seventh Circuit's rule, the Court must deny the claim.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL serve a copy of the Motion and accompanying Memorandum (Doc. 1) by certified mail upon Respondent.

2. Respondent SHALL file an answer, motion, or other responsive pleading within sixty (60) days after service of this Order. Respondent should address any facts which would establish whether Petitioner's remaining claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with the response.

4.      Petitioner SHALL serve upon the United States Attorney's office a copy of every further pleading or other document submitted for consideration by the Court.

Entered this <u>2nd</u> day of February, 2012.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge