## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| BRUCE TOM PUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  12-cv-4012 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion for Leave to Appeal in forma pauperis. (Doc. 17). On January 15, 2013, the Court dismissed Petitioner's 28 U.S.C. § 2255 Motion and declined to issue a Certificate of Appealability.[1] (Doc. 14).

In the documents supporting his Motion for Leave to Appeal in forma pauperis, Petitioner indicates that he receives a monthly income of $24.20 from his prison employment, and that he has no other sources of income. (Doc. 17 at 1). As of January 25, 2013, Petitioner had a balance of $312.47 in his trust fund account, and his average daily balance for the previous six months was $265.80. (Doc. 18 at 1-2). Petitioner had received deposits totaling $955.20 over the past six months, which works out to an average monthly deposit total of $159.20. (Doc. 18 at 2).

---

[1] Though the Court denied Petitioner's Certificate of Appealability, it does not find that Petitioner brings his appeal in bad faith. "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (*citing Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The fact that the Court denied Petitioner's request for a Certificate of Appealability does not necessarily indicate that the appeal is not taken in good faith, as the standard for a Certificate is higher. *See Walker*, 216 F.3d at 631-32.

The Court finds that Petitioner is unable to pay the full $455 appellate filing fee, and thus grants his Motion to Proceed on Appeal in forma pauperis. The Court also finds, in its discretion, that Petitioner is able to pay a portion of the filing fee, and adopts the formula for calculating a partial initial payment found in 28 U.S.C. § 1915(b). *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) (approving district judge's discretionary use of § 1915(b) partial payment calculation in § 2255 cases). This formula provides that a petitioner must pay 20% of either his average daily balance or average monthly deposits, whichever is greater. The greater of these two figures is $53.16, 20% of his average daily balance, and so that is the partial filing fee the Court will assess.

IT IS THEREFORE ORDERED that Petitioner's Motion to Proceed on Appeal in forma pauperis (Doc. 14) is GRANTED. Petitioner is ASSESSED a partial filing fee of $53.16.


Entered this 5th day of February, 2013.


                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States Senior District Judge